PER CURIAM.
The Department of.Children and Fami-.. lies (Department) filed a petition for dependency ' after the mother in this case, J.L.-B., ended up in a physical altercation with two of her seven minor children on January 22, 2015. Both children involved,I.L. and A.B., sustained injuries .as a result of the altercation, although neither required medical attention. (I.L. had moved out of the home at the time of the dependency trial, with the mother’s, consent.) The mother now appeals the trial court’s order finding all seven children -dependent, but adjudicating dependent only I.L. and A.B., while withholding adjudication as to five of their siblings.
We have jurisdiction, under Florida, Rule of Appellate Procedure 9.146(b). E.M.A. v. Dep’t of Children & Families, 795 So.2d 183, 184 (Fla. 1st DCA 2001); see In re M.C., 11 So.3d 1013, 1014 (Fla. 2d DCA 2009); see also R.B. v. Dep’t of Children & Families, 799 So.2d 441, 442 (Fla. 5th DCA 2001) (“[A] trial court order finding a child dependent but withholding an adjudication of dependency is properly reviewable by this court pursuant to rule 9.030(b)(1)(A) of the Florida Rules of Appellate Procedure.”). We affirm-the trial court’s order in all respects.
Affirmed.
ROWE and MARSTILLER, JJ., concur.
BENTON, J., concurs in part and dissents in part with opinion.